TERESA R. PONDER, ESQ., SBN 132270
BERGER KAHN, A Law Corporation
Mail Service:
  Post Office Box 19694
  Irvine, CA 92623-9694
Location:
  2 Park Plaza, Suite 650
  Irvine, California 92614-8516
Tel: (949) 474-1880 • Fax: (949) 474-7265

Attorneys for Defendant
HARTFORD CASUALTY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT

| | |
|---|---|
| FRELING BAKER and NATALIE JENSEN, <br><br> Plaintiffs, <br><br> vs. <br><br> HARTFORD CASUALTY INSURANCE COMPANY, et al., <br><br> Defendants. | CASE NO. 07 CV 2426 WQH BLM <br><br> SAN DIEGO SUPERIOR COURT CASE NO. 37-2007-00082010-CU-BC-CTL <br><br> **ANSWER TO COMPLAINT BY DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY** <br><br> DATE ACTION FILED: 11/16/07 <br> TRIAL DATE:    None Set |

1. Answering paragraph 1, Hartford is presently informed and believes that these allegations are true, and based thereon, admits the allegations.

2. Answering paragraph 2, Hartford admits that it is an insurance company authorized to transact business in the State of California. As to the remainder of the allegations, Hartford presently lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and based thereon, presently denies these allegations.

3. Answering paragraph 3, Hartford presently lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and based thereon, presently denies these allegations.

4. Answering paragraph 4, Hartford presently lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and based thereon, presently denies these allegations.

5. Answering paragraph 5, Hartford presently lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and based thereon, presently denies these allegations.

6. Answering paragraph 6, Hartford admits that it issued an Advantage 5 Homeowners Policy Form H-5A to Natalie Jensen and Freling Baker, policy number 72 RB 230563, for property located at 2715 Inverness Drive, La Jolla, CA 92037, and that the policy was effective March 1, 2005 through March 1, 2006. Hartford denies that the documents attached to Plaintiffs' Complaint as Exhibit A constitute a complete and accurate copy of the policy, and based thereon, denies the remaining allegations. Hartford will attempt to reach a stipulation with Plaintiffs regarding a complete and accurate copy of the policy.

7. Answering paragraph 7, Hartford denies that a fiduciary relationship existed or exists between it and plaintiffs. As to the remainder of the allegations, Hartford presently lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and based thereon, presently denies these allegations.

8. Answering paragraph 8, Hartford admits that on or about May 17, 2005 plaintiff Freling Baker reported a vandalism loss to their property located at 2715 Inverness Drive, La Jolla, CA 92037 that allegedly occurred on or about May 10, 2005. Hartford admits that it made certain payments for some of the claimed loss pursuant to the terms and conditions of the applicable Advantage 5 Homeowners Policy, policy number 72 RB 230563. As to the remainder of the allegations, Hartford presently lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and based thereon, presently denies these allegations.

9. Answering paragraph 9, Hartford presently lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and based thereon, presently denies these allegations.

10. Answering paragraph 10, Hartford presently lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and based thereon, presently denies these allegations.

11. Answering paragraph 11, Hartford denies that it breached the Advantage 5 Homeowners Policy, policy number 72 RB 230563. As to the remainder of the allegations, Hartford presently lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and based thereon, presently denies these allegations.

12. Answering paragraph 12, Hartford denies that it breached the Advantage 5 Homeowners Policy, policy number 72 RB 230563. As to the remainder of the allegations, Hartford presently lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and based thereon, presently denies these allegations.

13. Answering paragraph 13, Hartford incorporates its answers to paragraphs 1 – 12 above.

14. Answering paragraph 14, Hartford admits that on or about May 17,

2005 plaintiff Freling Baker reported a vandalism loss to plaintiffs' property that allegedly occurred on or about May 10, 2005. Hartford admits that pursuant to an agreement with plaintiffs, Hartford representative Don Bailey inspected the loss location on or about May 24, 2005. Hartford admits that it made certain payments for some of the claimed loss pursuant to the terms and conditions of the applicable Advantage 5 Homeowners Policy, policy number 72 RB 230563. As to the remainder of the allegations, Hartford presently lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and based thereon, presently denies these allegations.

15.  Answering paragraph 15, Hartford admits that on or about May 17, 2005 plaintiff Freling Baker reported a vandalism loss to plaintiffs' property that allegedly occurred on or about May 10, 2005. Hartford admits that pursuant to an agreement with plaintiffs, Hartford representative Don Bailey inspected the loss location on or about May 24, 2005. Hartford admits that it made certain payments for some of the claimed loss pursuant to the terms and conditions of the applicable Advantage 5 Homeowners Policy, policy number 72 RB 230563. As to the remainder of the allegations, Hartford presently lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and based thereon, presently denies these allegations.

16.  Answering paragraph 16, Hartford admits that an implied covenant of good faith and fair dealing existed in the Advantage 5 Homeowners Policy, policy number 72 RB 230563, but denies that it breached the implied covenant of good faith and fair dealing. As to the remainder of the allegations, Hartford presently lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and based thereon, presently denies these allegations.

17.  Answering paragraph 17, Hartford denies that it unreasonably withheld or will unreasonably withhold, absent a court order, compensable policy benefits claimed by plaintiffs under the Advantage 5 Homeowners Policy, policy

Answer to Complaint by Defendant Hartford Casualty Insurance Company          CASE NO. 07 CV 2426 WQH BLM

number 72 RB 230563, for a vandalism loss that allegedly occurred on or about May 10, 2005.

18. Answering paragraph 18, Hartford denies that plaintiffs' claimed losses are a direct and proximate result of Hartford's alleged acts and omissions as set forth in paragraphs 1 - 17 of the complaint, and Hartford incorporates its responses to paragraphs 1 - 17 above. As to the remainder of the allegations, Hartford presently lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and based thereon, presently denies these allegations.

19. Answering paragraph 19, Hartford denies the allegations.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

20. Hartford alleges that the Complaint fails to state a cause of action for breach of contract.

### SECOND AFFIRMATIVE DEFENSE

21. Hartford alleges that the Complaint fails to state a cause of action for bad faith breach of contract.

### THIRD AFFIRMATIVE DEFENSE

22. Hartford alleges that the various definitions, terms, provisions, and conditions within the subject Advantage 5 Homeowners Policy, policy number 72 RB 230563, determines the parties' rights, duties, and what is and is not covered. By virtue thereof, some of Plaintiffs' claimed loss and damages are barred or diminished. Hartford reserves the right to amend or withdraw this defense as additional facts are learned during this litigation.

### FOURTH AFFIRMATIVE DEFENSE

23. Hartford alleges that to the extent Plaintiffs have been compensated for their alleged injuries and damages, Hartford is entitled to an offset of that amount.

### FIFTH AFFIRMATIVE DEFENSE

24. Hartford alleges on information and belief that Plaintiffs may not have complied with one or more of the Conditions of the subject policy, which precludes and/or reduces their claimed damages. Hartford reserves the right to amend or withdraw this defense as additional facts are learned during this litigation.

### SIXTH AFFIRMATIVE DEFENSE

25. Hartford alleges that Plaintiffs' claimed injuries and damages were proximately contributed to and/or caused by the acts, conduct or omissions of Plaintiffs or others than Hartford, which precludes or diminishes recovery from Hartford. Hartford reserves the right to amend or withdraw this defense as additional facts are learned during this litigation.

### SEVENTH AFFIRMATIVE DEFENSE

26. Hartford alleges on information and belief that Plaintiffs' claims for recovery and/or each of their alleged causes of action are barred in whole or in part by appropriate statute of limitations, including, but not limited to, sections 337, 338, 339, 340, and/or 343 of the California Code of Civil Procedure. Hartford reserves the right to amend or withdraw this defense as additional facts are learned during this litigation.

### EIGHTH AFFIRMATIVE DEFENSE

27. Hartford alleges on information and belief that Plaintiffs may have waived claims for damages against Hartford. Hartford reserves the right to amend or withdraw this defense as additional facts are learned during this litigation.

### NINTH AFFIRMATIVE DEFENSE

28. Hartford alleges on information and belief that Plaintiffs may be estopped to seek the relief requested against Hartford. Hartford reserves the right to amend or withdraw this defense as additional facts are learned during this litigation.

### TENTH AFFIRMATIVE DEFENSE

29.   Hartford alleges on information and belief that Plaintiffs may be guilty of laches, which precludes and/or reduces their claimed damages. Hartford reserves the right to amend or withdraw this defense as additional facts are learned during this litigation.

### ELEVENTH AFFIRMATIVE DEFENSE

30.   Hartford alleges on information and belief that Plaintiffs may be barred from obtaining any legal or equitable relief from Hartford due to unclean hands. Hartford reserves the right to amend or withdraw this defense as additional facts are learned during this litigation.

### TWELFTH AFFIRMATIVE DEFENSE

31.   Hartford alleges on information and belief that Plaintiffs may have failed to properly mitigate damages and are therefore proportionately precluded from recovery. Hartford reserves the right to amend or withdraw this defense as additional facts are learned during this litigation.

### THIRTEENTH AFFIRMATIVE DEFENSE

32.   Hartford alleges on information and belief that Plaintiffs' purported claims for damages, other than policy benefits plus interest, are barred or diminished by the provisions of California Civil Code §§ 3300 – 3302.

### FOURTEENTH AFFIRMATIVE DEFENSE

33.   Hartford alleges that it properly exercised the privilege of asserting its legal rights in a permissible way and communicated in good faith with Plaintiffs and other interested persons, all within the meaning of California Civil Code section 47(c).

### FIFTEENTH AFFIRMATIVE DEFENSE

34.   Hartford alleges that Civil Code § 3294, under which Plaintiffs' claim for punitive damages is apparently made, is invalid on its face or as applied to Hartford pursuant to Article I, Section 10, Article IV, Section 2 and the First, Fifth,

Sixth, Eighth and Fourteenth Amendments to the United States Constitution; and pursuant to Article I, Sections 7, 9, 15 and 17, and Article IV, Section 17 of the California Constitution.

### SIXTEENTH AFFIRMATIVE DEFENSE

35. Hartford alleges that it presently has insufficient information and knowledge upon which to form a belief that it could assert additional affirmative defenses; however, Hartford intends to rely upon other defenses that may become legally available or apparent during proceedings in this case, and hereby reserves the right to amend its answer to assert other defenses.

### PRAYER

WHEREFORE, Hartford prays for judgment as follows:

1. That Plaintiffs take nothing by way of their Complaint;
2. For attorneys' fees and costs incurred in defending this action; and
3. For such other and further relief as the Court deems just and proper.

DATED: January 2, 2008                    BERGER KAHN, A Law Corporation


By: s/Teresa R. Ponder
_____
TERESA R. PONDER, ESQ.
Attorneys for Defendant
HARTFORD CASUALTY
INSURANCE COMPANY
Email: tponder@bergerkahn.com

# AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am employed by Berger Kahn, A Law Corporation, whose business address is: 2 Park Plaza, Suite 650, Irvine, California 92614-8516 ("the firm").

On January 2, 2008, I served the within document(s) described as: **ANSWER TO COMPLAINT BY DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY** on the interested parties in this action as follows:

| | |
|---|---|
| John P. Stennett, Esq.<br>STENNETT & STENNETT<br>501 West Broadway, Suite 1340<br>San Diego, CA 92101<br><br>sc@stennettcasino.com<br>lstrong@stennettcasino.com<br><br>Telephone: (619) 544-6887<br>Facsimile: (619) 233-3796 | Attorneys for Plaintiffs<br>FRELING BAKER and<br>NATALIE JENSEN |

**BY E-MAIL OR ELECTRONIC TRANSMISSION** (Code Civ. Proc. § 1010.6(a)(6))–Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 2, 2008, at Irvine, California.

s/Julie Mills
Julie Mills